Douglas D. Phelps
phelps@phelpslaw1.com
Phelps & Associates, P.S.
2903 N. Stout Road
Spokane, WA 99206
Phone: (509)892-0467
Fax: (509)921-0802
ISBA # 4755

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEITH W. RABIDUE, a single person,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF BONNER, BONNER COUNTY DEPUTY SHERIFF CHRIS BONNER, DEPUTY STEVE CARL and K-9 KAI, SARGEANT T. REYNOLDS, DEPUTY D. OSBORN, DEPUTY JOHNSON, DEPUTY J. THOMPSON, DEPUTY S. WERGER., CITY OF PRIEST RIVER and PRIEST RIVER OFFICER TANNER BODIE,<br><br>Defendants. | Case No. 2:20-CV-00529<br><br>**MOTION TO SET BOND UNDER IDAHO CODE § 6-610** |

COMES NOW KEITH W. RABIDUE, by and through his attorney, DOUGLAS D. PHELPS of PHELPS & ASSOCIATES, P.S., and hereby moves this Honorable Court to set the pre-filing bond under Idaho Code § 6-610 in a low or nominal amount.

MOTION TO SET BOND UNDER IDAHO CODE § 6-610 - 1

In support, Plaintiff states:

1. Plaintiff intends to file a complaint against certain law enforcement officers and governmental entities, raising federal civil rights claims and state law claims. The complaint alleges that Plaintiff's rights were violated when law enforcement officers Deputy Sheriff Chris Bonner, Deputy Steve Carl and K-9 Kai, Sargeant T. Reynolds, Deputy D. Osborn, Deputy Johnson, Deputy J. Thompson, Deputy S. Werger, and Priest River Officer Tanner Bodie of the Bonner County Sheriff's Department unreasonably and unlawfully arrested and incarcerated Keith Rabidue on April 20th, 2019 in Bonner County, State of Idaho. (Attached Dkt. 1-1 Proposed Complaint and Demand for Jury Trial.) The complaint alleges that the officers had a complaint about Mr. Rabidue taking his girlfriends phone, the officers used of excessive force, illegal entry, illegal seizure of a person, burglary, and unlawful imprisonment.

2. Idaho State law requires a person who intends to file a lawsuit against a law enforcement officer to first post "a written undertaking with at least two (2) sufficient sureties in an amount to be fixed by the court." Idaho Code § 6-610 (2).

3. Idaho State law affords court wide latitude, however, to determine the appropriate amount for a bond based on plaintiff's financial status,

including the ability to waive the bonding requirement completely when a plaintiff is indigent. *See Taysom v. Bannock Cty.*, No. 1:12-cv-00020-BLW, 2012 WL 397734, at *1 (D. Idaho Feb. 7, 2012); C.f. *Plucinski v. Payette Cty.*, No. 1:16-cv-00153-CWD, 2016 WL 2888962, at *1 (D. Idaho May 17, 2016) (Setting bond at $500 after finding the plaintiff was "financially strapped but not indigent.").

4. The Declaration of Douglas D. Phelps includes financial statement from the plaintiff in the form of Application to Proceed (long form) setting out his income, assets, obligations and debts. (Attached Dkt. No. 1-2 Declaration of Douglas D. Phelps and Application to Proceed signed by David Renfro.) The declaration shows that Plaintiff does not have large incomes and that he carries significant obligations and debts, such that he would be unable to pay for or post a significant pre-filing bond. (Dkt. 1-2, Declaration of Douglas D. Phelps.)

5. Plaintiff's attorney, Douglas D. Phelps, has also inquired of bonding company representatives regarding the feasibility of acquiring the type of "written undertaking" that is contemplated by Idaho Code § 6-61. (Dkt 1-2) He has been informed that bonding companies will not provide a bond without a court order setting the amount of the bond.

6. Accordingly, there is a risk that if bond is set too high such that Plaintiffs would be unable to provide the necessary security personally or be unable to afford the cost of a significant bond requirement. If they are unable to find sureties that will issue this type of bond at an affordable cost, they will be deprived of their due process right to access the courts and their right to equal protection of the laws under the Fourteenth Amendment to the United States Constitution.

7. To avoid this constitutional problem, and based on declaration showing limited means, Plaintiff respectfully request that the Court set a low or nominal bond requirement, less than $250.

Accordingly, Plaintiff respectfully request that the Court either waive the bond requirement under Idaho Code § 6-610 or set it in a sufficiently low amount that the Plaintiffs will be able to satisfy the requirement and proceed with the filing of their Complaint.

DATED this 12th day of November, 2020.

PHELPS & ASSOCIATES, P.S.
Attorneys for Plaintiff

*s/ Douglas D. Phelps*
DOUGLAS D. PHELPS, ISBA # 4755
2903 N. Stout Road
Spokane, WA 99206
Tel: (509) 892-0467, Fax: (509) 921-0802
phelps@phelpslaw1.com