# UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEITH RABIDUE, a single person,<br><br>    Plaintiff,<br><br>vs.<br><br>COUNTY OF BONNER, BONNER COUNTY DEPUTY SHERIFF CHRIS BONNER, DEPUTY STEVE CARL and K-9 KAI, SARGEANT T. REYNOLDS, DEPUTY D. OSBORN, DEPUTY JOHNSON, DEPUTY J. THOMPSON, DEPUTY S. WERGER, CITY OF PRIEST RIVER, AND PRIEST RIVER OFFICER TANNER BODIE,<br><br>    Defendants, | Case No.: 2:20-cv-00529-BLW<br><br>**ORDER** |

Before the Court is Plaintiff's Motion to Set Bond Under Idaho Code § 6-610 (Dkt. 4). After considering the briefing and record, the Court will grant the motion.

This case arrives in a somewhat unique procedural posture. Plaintiff filed his complaint on November 19, 2020, (Dkt. 1), and eleven days later filed the motion to set bond (Dkt. 4). The case was initially assigned to the Magistrate Judge, who granted the motion to set bond, but then struck the order and ordered the case be reassigned to a district judge.

**ORDER - 1**

Typically, a motion to set bond is filed prior to the filing of the complaint. *See* I.C. § 6-610. However, the Court may still consider the motion to set bond when it is filed after the complaint. *See Ocampo v. Corizon, LLC*, 2019 WL 1495251, at *11 (D. Idaho 2019). The Magistrate Judge initially granted the motion to set bond – setting bond at $300 – which the Plaintiff has paid. However, as stated in the Magistrate Judge's order of reassignment, because not all parties had consented to the jurisdiction of the Magistrate Judge, the Magistrate Judge ordered this case reassigned to a district judge and struck his order granting the motion to set bond. (Dkt. 6).

Idaho Code § 6-610 requires that "[b]efore any civil action may be filed against any law enforcement officer or service of civil process on any law enforcement officer," a plaintiff must post a bond prior to or simultaneously with the filing of the complaint. I.C. § 6-610(2); *see also Allied Bail Bonds, Inc. v. Cty. of Kootenai*, 258 P.3d 340, 345 (Idaho 2011). Although not a jurisdictional requirement, posting a bond is mandatory and a failure to post bond requires the trial court judge to dismiss the claims immediately (upon a defendant or respondent's objection to the failure to post such a bond). *See* I.C. § 6-610(5).

Relatedly, a court may waive costs, fees, and security if (1) the party requesting a waiver files an affidavit stating that he is indigent and unable to pay the costs, fees, and security associated with his case, and (2) the court finds, after

informal inquiry, that the party is indigent for the purposes of prepayment of fees, costs, or security. *See* I.C. § 31-220(2)(a), (b). This statute applies to bonds under Idaho Code § 6-610. *See Thiemann v. Donahue*, 2014 WL 2948996, at *1 (D. Idaho 2014).

Plaintiff's Motion acknowledges Idaho Code § 6-610's application here. *See* Mot., p. 2 (Dkt. 4) ("Plaintiff intends to file a complaint against certain law enforcement officers and governmental entities, raising federal civil rights claims and state law claims. . . . Idaho State law requires a person who intends to file a lawsuit against a law enforcement officer to first post 'a written undertaking with at least two (2) sureties in an amount to be fixed by the court.'") (quoting I.C. § 6-610(2)). However, he "request[s] that the Court set a low or nominal bond requirement, less than $250." *Id*. at p. 4. In support of that ask, Plaintiff submits an "Application to Proceed In District Court Without Prepaying Fees or Costs (Long Form)" (the "Application"),[1] wherein he claims under oath that he is not married, has no income, no job, no cash, no savings, not assets (except for a 1999 Dodge Durango valued at $500.00), and two young children. *See* App., pp. 1-3, attached as Ex. A to Phelps Decl. (Dkt. 4-1); *see also* Mot., p. 3 (Dkt. 4) ("The declaration shows that Plaintiff does not have large incomes and that he carries significant

---

[1] Though the Application contemplates an inability to pay the costs of this proceeding, Plaintiff has paid the $400 filing fee. *See* Compl. (Dkt. 1). Regardless, the Court considers the Application's content as the equivalent of an affidavit from Plaintiff himself on the issue of his ability to separately post a bond.

ORDER - 3

obligations and debts, such that he would be unable to pay for or post a significant pre-filing bond.").² 

These representations lead to the conclusion that Plaintiff is at-least financially-strapped, and possibly indigent, such that he cannot afford to pay a high bond. "That said, the purpose of the bond is crucial, and the Court frequently requires plaintiffs (even prisoners and pro-se parties granted in forma pauperis status) to pay *some* monetary amount in fees or bonds. The Court's purpose in doing so is to give weight to the policies and purposes behind any applicable statutes, but also to give plaintiffs fair and equal access to the Courts. Some fee or bond (even a nominal one) ensures the integrity of the system and helps plaintiffs feel more invested in the matter." *Ocampo v. Corizon, LLC*, 2019 WL 1495251, at *12 (D. Idaho 2019) (emphasis in original).

Accordingly, the Court finds that a bond in the amount of $300 is fair, equitable, and accurately reflects this Court's general practices. The Court notes that Plaintiff already posted the $300 bond as required by the Magistrate Judge's now stricken order.

---

² Curiously, while the Motion references Plaintiff's "significant obligations and debts, the Application itself does not reference any debt. *See generally* App., attached as Ex. A to Phelps Decl. (Dkt. 4-1). Moreover, the Application suggests that Plaintiff has no expenses. *See id.* at p. 4. Any incongruity in this respect may be a product of the recycling of a similar motion filed in at least one other case (Case No. 2:20-cv-00349-REB), with the Motion filed here mistakenly referencing the plaintiff ("Renfro") from the other case. Even so, it is indisputable that Plaintiff confronts real financial challenges.

**ORDER**

**IT IS ORDERED** that Plaintiff's Motion to Set Bond Under Idaho Code § 6-610 (Dkt. 4) is GRANTED; bond is set in the amount of $300.00.

DATED: February 19, 2021

B. Lynn Winmill
U.S. District Court Judge