UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEITH W. RABIDUE, a single person,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>COUNTY OF BONNER, BONNER COUNTY DEPUTY SHERIFF CHRIS BONNER, DEPUTY STEVE CARL, and K-9 KAI, SARGENT T. REYNOLDS, DEPUTY D. OSBORN, DEPUTY JOHNSON, DEPUTY J. THOMPSON, DEPUTY S. WERGER, CITY OF PRIEST RIVER, and PRIEST RIVER OFFICER TANNER BODIE,<br><br>　　　　Defendants. | Case No. 2:20-cv-00529-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

　　Plaintiff Keith Rabidue has moved for relief under Idaho Rule 56(g), which the Court will construe as a motion for relief under Federal Rule 56(d). The rule provides that when "a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." Fed.

**MEMORANDUM DECISION AND ORDER - 1**

R. Civ. P. 56(d). As the Ninth Circuit has explained,

> A party seeking to delay summary judgment for further discovery must state what other *specific* evidence it hopes to discover and the relevance of that evidence to its claims. In particular, the requesting party must show that: (1) it has set forth in affidavit form *the specific facts* it hopes to elicit from further discovery; (2) the facts sought exist; and (3) the sought-after facts are essential to oppose summary judgment.

*Stevens v. CoreLogic, Inc.*, 899 F.3d 666, 678 (9th Cir. 2018) (cleaned up)(citations and quotations omitted).

Mr. Rabidue has the burden to identify by affidavit the specific facts he feels further discovery would reveal and explain why those facts would preclude summary judgment. He fails to do so. Instead, Mr. Rabidue merely asserts that testimony from the various law enforcement officers is "vital to the claims of the Plaintiff." Dkt. 49, p. 2, ¶ 4. Mr. Rabidue also claims that through deposition testimony, he will show that there was "illegal entry, illegal seizure of a person, burglary, unlawful imprisonment, outrageous conduct, excessive force, and negligent training and supervision." *Id*. In his reply brief, Mr. Rabidue further expounds that "depositions give a clearer picture as to the officer's knowledge at the time, their thoughts, and their motives for acting in the manner that they did." Dkt. 59 at 3.

Mr. Rabidue offers only a general request for deposition coupled with a bare

MEMORANDUM DECISION AND ORDER - 2

assertion that the discovery of intent is relevant to the claim generally. He neglects to identify any specific, sought-after facts. At best, he points to the general intent of the defendant officers. But even then he completely fails to offer any explanation for why discovery is essential or necessary to his claims or to opposing the motions for summary judgment. A request at this level of generality is insufficient for Rule 56(d). *Stevens*, 899 F.3d at 678.

The Court notes that this case has been stayed and the discovery and dispositive motion deadlines have been extended several times. However, Mr. Rabidue is not being "punished" for agreeing with those case management decisions. Rather, he failed to satisfy the standard for the relief sought.

IT IS ORDERED that Plaintiff's motion for relief (Dkt. 49) is **DENIED**.

DATED: March 7, 2023

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 3**