UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KEITH W. RABIDUE, a single person,<br><br>Plaintiff,<br><br>v.<br><br>COUNTY OF BONNER, BONNER COUNTY DEPUTY SHERIFF CHRIS BONNER, DEPUTY STEVE CARL, and K-9 Kai, SARGENT T. REYNOLDS, DEPUTY D. OSBORN, DEPUTY JOHNSON, DEPUTY J. THOMPSON, DEPUTY S. WERGER, CITY OF PRIEST RIVER, and PRIEST RIVER OFFICER TANNER BODIE,<br><br>Defendants. | Case No. 2:20-cv-00529-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is the City of Priest River and Officer Bodie's motion for entry of judgment (Dkt. 78). For the reasons set forth below, the Court will deny the motion.

## BACKGROUND

Keith Rabidue brought several § 1983 claims against the City of Priest

**MEMORANDUM DECISION AND ORDER - 1**

River, the Bonner County, and individual defendants from both the City and County. *Complaint*, Dkt. 1. The County Defendants moved to dismiss and the City Defendants moved for summary judgment. Dkts. 45, 55. The Court granted the City Defendants' motion for summary judgment, concluding the claims against them were barred by *Heck v. Humphrey*. Dkt. 76. As for the motion to dismiss, the Court granted the motion, but provided Mr. Rabidue leave to amend his excessive force claim against Deputy Carl and his *Monell* claim against the County. *Id.* Mr. Rabidue filed an amended complaint against Deputy Carl and the County. Dkt. 77. Because the Court granted summary judgment on all claims against the City Defendants, they now move for entry of partial judgment. Dkt. 78. Mr. Rabidue opposes the motion.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 54(b), "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is not just reason for delay." Fed. R. Civ. P. 54(b). Rule 54(b) envisions a two-step analysis. First, the Court must determine whether "it has rendered a 'final judgment,' that is, a judgment that is an ultimate disposition of an individual claim entered in the course

MEMORANDUM DECISION AND ORDER - 2

of a multiple claims action." *Wood v. GCC Bend, LLC*, 422 F.3d 873, 878 (9th Cir. 2005) (internal quotation marks omitted). "Then it must determine whether there is any just reason for delay." *Id.*

Courts must be careful when entering partial final judgments to protect the "historic federal policy against piecemeal appeals." *Id.* (quoting *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956)). Important considerations include whether the resolved claims are "separable from the others remaining to be adjudicated," and whether an appellate court would have to decide the same issue more than once if there are subsequent appeals. *Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980).

## ANALYSIS

The Court agrees with the City Defendants that all of the claims against the City and Officer Bodie are resolved. The only remaining claims are for excessive force against Deputy Carl and a *Monell* claim against the County. The City Defendants argue these claims are easily separable from the already-resolved claims against them. The Court is not so convinced.

When deciding a motion for partial judgment pursuant to Rule 54(d), the Court's central concerns are "juridical concerns," such as "the interrelationship of the claims so as to prevent piecemeal appeals in cases which should be reviewed

**MEMORANDUM DECISION AND ORDER - 3**

only as single units." *Curtiss-Wright Corp.*, 446 U.S. at 10. These concerns counsel against entering partial judgment where the "legal right to relief stems largely from the same set of facts and would give rise to successive appeals that would turn largely on identical, and interrelated, facts." *Wood*, 422 F.3d at 880.

All of Mr. Rabidue's claims involve the same set of facts: his interaction with the City and County Defendants before and during his arrest. The legal issues are similarly intertwined. Both sets of defendants argue any claims against them are barred by *Heck* and, for the most part, the Court agreed. It granted summary judgment on all claims against the City Defendants based on *Heck* and dismissed some claims against County Defendants for the same reason. While the two remaining claims are not *Heck* barred, they are based on "identical, and interrelated, facts" as the resolved claims. Entering partial judgement as requested by the City Defendants would create the type of successive appeals the Ninth Circuit cautions against. *See Wood*, 422 F.3d at 880.

This is all the more true because the City Defendants have not identified a "seriously important reason" for entry of partial judgment. *Woods*, 422 F.3d at 882. Indeed, "[j]udgments under Rule 54(b) must be reserved for the unusual case in which the costs and risks of multiplying the number of proceedings and of overcrowding the appellate docket are outbalanced by pressing needs of litigants

**MEMORANDUM DECISION AND ORDER - 4**

for an early and separate judgment as to some claims or parties." *Morrison-Knudsen Co., Inc. v. Archer*, 655 F.2d 962, 965 (9th Cir. 1981). The City Defendants simply state there is not just reason for delay. This justification, without more, is not such a "seriously important reason" that warrants the early entry of judgment. Accordingly, the motion is denied.

## ORDER

**IT IS ORDERED that** the City Defendants' Motion for Partial Judgment (Dkt. 78) is **DENIED**.

DATED: April 28, 2025

B. Lynn Winmill
U.S. District Court Judge